SAN ANTONIO TRACTION COMPANY v. JOHANN MENK.

Decided May 31, 1905.

**Charge—Limiting Recovery to Amount Claimed—Medical Expenses.**

Where in an action for personal injuries to plaintiff's wife the charge allowed plaintiff to recover only such sums as had been expended for drugs and medical attention for his wife, as a result of her injuries, not to exceed the reasonable value thereof, it was not error to refuse a requested charge to the same effect, but with the addition that the recovery should not exceed the amount claimed in plaintiff's petition, there being no evidence of a greater amount paid than the petition claimed.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*Ogden & Brooks,* for appellant.

*Webb & Goeth,* for appellee.

JAMES, CHIEF JUSTICE.—This is an appeal from a recovery for $3,500, rendered upon a general verdict, on account of personal injury alleged to have been sustained by appellee's wife. The assignment of error which raises the question of excessive verdict, is not sustainable in view of testimony which the jury appears to have believed. Our conclusion of fact is in accordance with such testimony.

The only other point raised is error in refusing to give the following requested charge: "Plaintiff in this case is only entitled to recover such sums, if any, as have been expended by him for drugs and medical attention for his wife, not to exceed the sum named in his petition." The charge of the court instructed the jury to allow the amounts only that plaintiff may have theretofore expended or incurred for the employment of doctors and the purchase of drugs and medicines necessary for the cure and relief of Mrs. Menk, if any, not to exceed the reasonable and fair value thereof as a result of her injuries, if any. It is therefore seen that the jury were expressly confined to the consideration of such expenses insofar as they had already been paid or incurred, and the only question left is whether or not defendant had the right to have the jury cautioned to not go beyond the amount claimed in the petition in respect to such items.

In Brunswig v. White, 70 Texas, 512, the Supreme Court said that a jury of ordinary intelligence would not need such a caution from the judge. All the cases involving the giving of a charge of this nature have expressed disapprobation of the practice. In a case in which the plaintiff would not be entitled to recover for items in the future, and evidence had been introduced going beyond the recovery to which he would be legally entitled, defendant would probably have the right to an instruction cautioning the jury not to consider the items or amount for which plaintiff could not legally recover. The court in this instance allowed the jury to find for only such items as had already been expended or incurred, thus forbidding the consideration of future amounts.

It is stated in appellant's brief that such expense already incurred

amounted practically to that claimed in the petition.  There being no testimony before the jury of a greater amount for such expense, there was no occasion to suppose that the jury were misled into going beyond the sum claimed.  If they were men of common intelligence, which is presumed, and instructed to consider only such expenses as had already been incurred according to the evidence, the presumption can not be indulged, even in the absence of the cautioning instruction sought as to their not going beyond the sum claimed, that the jury did not observe the charge given them.  It is further claimed that defendant was entitled to have the instruction given in view of the fact that plaintiff's counsel had argued the question with reference to future expenditures. There is nothing pointed out in the record showing that counsel indulged in such argument.  Affirmed.

*Affirmed.*

Writ of error refused.